# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

NOV 1 8 2015

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | **CRIMINAL NUMBER:** |
| | § | |
| **V.** | § | |
| | § | **FILE UNDER SEAL** |
| **FOLARIN H. ALABI,** | § | |
|   aka Folarin Henry Alabi, | § | |
|   aka "Henry," | § | 15 CR 614 |
| **LETRISHIA A. ANDREWS,** | § | |
|   aka Letrishia Ann Andrews, | § | |
|   aka Letrishia Andrews Daniel, | § | |
| **JUSTICE DANIEL,** | § | |
| **CHARLES R. WARREN,** | § | |
|   aka Charles Ray Warren, Jr., | § | |
|   aka Charles Warren, | § | |
|   aka "CJ," | § | |
| **IFEOMA J. ADAMOLEKUN,** | § | |
|   aka Ifeoma Jacklyn Adamolekun, | § | |
|   aka Ifeoma Adamolekun, | § | |
| | § | |
| **Defendants.** | § | |

**Sealed**
Public and unofficial staff access
to this instrument are
prohibited by court order.

## INDICTMENT

THE GRAND JURY CHARGES THAT:

At all times material to this Indictment:

## INTRODUCTION

1. **FOLARIN H. ALABI,** aka Folarin Henry Alabi, aka "Henry," defendant herein, hereinafter referred to as **ALABI**, is a native and citizen of the Federal Republic of Nigeria, residing in Houston, Texas.   He was admitted into the Unites States temporarily on a visa on February 29, 2008 which expired February 6, 2010.   On August 6, 2010, his

status was adjusted to that of a conditional resident as the spouse of a United States citizen.   On October 7, 2013, **ALABI'S** conditional resident status was terminated.   He has no legal status in the United States.

2. **LETRISHIA A. ANDREWS,** aka Letrishia Ann Andrews, aka Letrishia Andrews Daniel, defendant herein, hereinafter referred to as **ANDREWS**, is a United States citizen and resident of Houston, Texas.   She was married to **JUSTICE DANIEL**, a Nigerian citizen on June 14, 2013.

3. **JUSTICE DANIEL**, defendant herein, hereinafter referred to as **DANIEL**, is a native and citizen of the Federal Republic of Nigeria, residing in Houston, Texas.   On September 4, 2012, he was admitted into the United States temporarily on a B1/B2 non-immigrant visa which expired March 3, 2013.   On June 14, 2013, **DANIEL** and **ANDREWS** were married in Harris County, Texas.   On November 14, 2014, his status was adjusted to that of a lawful permanent resident as the spouse of a United States citizen.

4. **CHARLES R. WARREN**, aka Charles Ray Warren, Jr., aka Charles Warren, aka "CJ," , defendant herein, hereinafter referred to as **WARREN,** is a United States citizen and resident of Houston, Texas.   On November 12, 2014, he married **IFEOMA J. ADAMOLEKUN**, a Nigerian citizen.

5. **IFEOMA J. ADAMOLEKUN**, aka Ifeoma Jacklyn Adamolekun, aka Ifeoma Adamolekun, defendant herein, hereinafter referred to as **IFEOMA**, is a native and citizen of the Federal Republic of Nigeria, residing in Houston, Texas. On July 29, 2014, she was admitted into the United States on a B1/B2 non-immigrant visa which expired January 28,

2

2015.   On November 12, 2014, she married **CHARLES R. WARREN**.

6.   United States Citizenship and Immigration Services (CIS), is an agency of the Department of Homeland Security (DHS).   CIS is a government agency that oversees lawful immigration to the United States.   CIS provides the procedures for a United States citizen or a permanent resident to acquire permanent resident status for their immigrant spouse that lives in the United States or abroad.

7.   A foreign national may obtain lawful permanent resident status in the United States based upon his or her valid marriage to a United States citizen.

8.   A foreign national may marry a United States citizen and seek to gain lawful permanent resident status based on that marriage.   If the marriage is in the United States, the United States citizen, hereinafter referred to as petitioner, must file a Form I-130 [Petition for Alien Relative] with CIS seeking to accord the beneficiary spouse "immediate family relative" status.   The petitioner must submit the marriage certificate.   There is no waiting period (other than processing) to obtain an immigrant visa.

9.   The beneficiary immigrant spouse must file a Form I-485 [Application to Register Permanent Residence or Adjust Status].   By so doing, the beneficiary applies to adjust his or her status to that of a lawful permanent resident.   If the marriage, which is the basis of the application, is less than two (2) years old, the beneficiary is accorded conditional lawful permanent resident status (CLPRS).   The CLPRS expires after (2) years.

10. Within ninety (90) days of the CLPRS expiration, the petitioner and the beneficiary must file a Form I-751 Petition to Remove Conditions on Residence with CIS.   The petition requires certification that the marriage was entered in accordance with the laws of the

place where the marriage took place and was not for the purpose of procuring an immigration benefit.

11. A perjury clause instructing the signor that all information provided must be truthful and accurate is present on Form I-130, Form I-485, and Form I-751.

12. A "sham" marriage is a marriage that is entered into for the primary purpose of circumventing the immigration laws.

## COUNT ONE

### (CONSPIRACY - 18 U.S.C. § 371)

#### A.     INTRODUCTION

The Grand Jury adopts, alleges, and incorporates herein the contents of Paragraphs 1-12 of the introduction of this Indictment as if fully set out herein.

#### B.   THE CONSPIRACY AND ITS OBJECTS

13. Beginning on or about June 1, 2013, and continuing to the present, in the Houston Division of the Southern District of Texas,

**FOLARIN H. ALABI,**
**aka Folarin Henry Alabi,**
**aka "Henry,"**
**LETRISHIA A. ANDREWS,**
**aka Letrishia Ann Andrews,**
**aka Letrishia Andrews Daniel,**
**JUSTICE DANIEL,**
**CHARLES R. WARREN,**
**aka Charles Ray Warren, Jr.,**
**aka Charles Warren,**
**aka "CJ,"**
**IFEOMA J. ADAMOLEKUN,**

4

**aka Ifeoma Jacklyn Adamolekun,**
**aka Ifeoma Adamolekun,**

defendants herein, did knowingly and willfully conspire, confederate, and agree with one
another and with persons known and unknown to the Grand Jury to commit and attempt to
commit the following offenses against the United States, that is the Defendants knowingly
entered into marriages for the purpose of evading any provision of the immigration laws of
the United States in violation of Title 8, United States Code Section 1325(c).

## C.   THE MANNER AND MEANS OF THE CONSPIRACY

14. It was a part of the conspiracy that conspirators who entered the United States on tourist
    visas would later marry recruited United States citizens to evade United States
    immigration laws.

15. It was further part of the conspiracy that conspirators would and did recruit United States
    citizens, hereinafter "recruits," for the purposes of entering into fraudulent marriages to
    Nigerian nationals and evading United States immigration laws.

16. It was further part of the conspiracy that conspirators would arrange for Nigerian nationals
    to marry these United States citizen "recruits," for the purposes of evading United States
    immigration laws

17. It was a further part of the conspiracy that conspirators would offer to pay and did pay the
    recruits to enter into fraudulent marriages with Nigerian nationals.

18. It was a further part of the conspiracy that conspirators would offer to pay and did pay
    United States citizens for arranging the fraudulent marriages with Nigerian nationals.

19. It was a further part of the conspiracy that conspirators would and did enter into "sham"
    marriages for the purpose of fraudulently obtaining lawful permanent resident status.

5

20. It was a further part of the conspiracy that conspirators would and did take staged photographs of themselves as a couple for future documentation of a meaningful relationship.

21. It was a further part of the conspiracy that soon after the marriages to the recruits, conspirators would complete immigration documents and later submit them to CIS so that CIS would grant the conspirators legal permanent resident status.

22. It was a further part of the conspiracy that the conspirators would and did falsely prepare and sign immigration forms, for the purpose of evading immigration laws.

23. It was a further part of the conspiracy that conspirators would and did coach the recruits and/or Nigerian nationals via verbal instructions on what to say when questioned or interviewed by law enforcement or immigration officials about the legitimate nature of the marriages.

### D.    OVERT ACTS

24. During and in furtherance of the conspiracy, within the Houston Division of the Southern District of Texas, one or more of the conspirators committed one or more of the following overt acts, among others:

### MARRIAGES

a.      On or about June 2013, **ALABI** introduced **DANIEL**, a Nigerian citizen, to **ANDREWS** for the purpose of getting married so **DANIEL** could obtain immigration benefits.  **DANIEL** agreed to pay a sum of money to **ANDREWS** to engage in marriage fraud and enter a "sham" marriage for the purpose of deceiving immigration authorities and obtain lawful permanent resident status.

6

b.      On or about June 14, 2013, **DANIEL** and **ANDREWS** applied for a marriage license in Harris County, Houston, Texas.

c.      On or about June 14, 2013, **DANIEL** and **ANDREWS** were married in Harris County, Houston, Texas.

d.      On or about June 14, 2013, **DANIEL, ANDREWS, ALABI,** and A.G., went to the courthouse to witness the ceremony and take pictures to deceive immigration authorities.

e.      In the fall of 2013, **ALABI**, working with A.G., arranged the marriage between T.F. and H.B., a Nigerian national, to deceive immigration authorities and obtain lawful permanent resident status.

f.      In or about the fall of 2013, A.G., working with **ALABI** offers T.F. $4500 to marry H.B. so that she could obtain her lawful permanent resident card.

g.      In or about the fall of 2013, H.B. agrees to pay T.F. $4500 to marry her.

h.      On or about December 2, 2013, T.F. and H.B. applied for a marriage license in Harris County, Texas.

i.      On or about December 2, 2013, T.F. and H.B. were married in Harris County, Texas.

j.      On or about December 2, 2013, H.B. paid **ALABI** and A.G. a sum of money for arranging the marriage to T.F.

k.      On or about January 2, 2014, T.F. filed with CIS a Form I-130 Petition for Alien Relative for H.B.   In addition, H.B. filed a Form I-485 Application to Register Permanent Residence or Adjust Status with CIS.

l.      On or about October 2014, **ANDREWS** introduced **WARREN**, a United States

7

citizen she recruited to **IFEOMA**, a Nigerian citizen, for the purpose of engaging in marriage fraud to deceive immigration authorities and obtain lawful permanent resident status.

m.     On or about November 12, 2014, **WARREN** and **IFEOMA** applied for a marriage license in Harris County, Houston, Texas.

n.     On or about November 12, 2014, **WARREN** and **IFEOMA** were married in Harris County, Houston, Texas.

o.     At the time of the marriage, record checks shows that **IFEOMA** was still married to her Nigerian spouse, A.A. who filed for a visa to enter the United States on January 13, 2015.

p.     On or about February 13, 2015, **WARREN** filed with CIS a Form I-130 Petition for Alien Relative for **IFEOMA**.  In addition, on that same day, **IFEOMA** filed a Form I-485 Application to Register Permanent Residence or Adjust Status with CIS.


All in violation of Title 18, United States Code §371; and Title 8, United States Code, §1325(c).


## COUNTS TWO THROUGH THREE
### Marriage Fraud
### 8 U.S.C. §1325(c) and 18 U.S.C. §2

On or about the dates listed below, in the Houston Division of the Southern District of Texas,

**FOLARIN H. ALABI,**
**aka Folarin Henry Alabi, aka "Henry,"**

defendant herein, while aiding and abetting others both known and unknown to the grand jury, did

knowingly cause United States citizens to enter into a marriage with the below listed aliens, all

Nigerian citizens, for the purpose of evading any provision of the immigration laws of the United

States.

| COUNT | DATE | ALIEN |
|-------|------|-------|
| 2. | 06/14/2013 | JUSTICE DANIEL |
| 3. | 12/02/2013 | H.B. |

In violation of Title 8, United States Code, §1325(c); and Title 18, United States Code, §2.

### COUNT FOUR
**Marriage Fraud**
**8 U.S.C. §1325(c) and 18 U.S.C. §2**

On or about June 14, 2013, in the Houston Division of the Southern District of Texas,

### LETRISHIA A. ANDREWS,
**aka Letrishia Ann Andrews, aka Letrishia Andrews Daniel,**

defendant herein, while aiding and abetting others both known and unknown to the grand jury, did

knowingly enter into a marriage with JUSTICE DANIEL, a Nigerian citizen, for the purpose of

evading any provision of the immigration laws of the United States.

In violation of Title 8, United States Code, §1325(c); and Title 18, United States Code, §2.

### COUNT FIVE
**Marriage Fraud**
**8 U.S.C. §1325(c) and 18 U.S.C. §2**

On or about November 12, 2014, in the Houston Division of the Southern District of Texas,

9

**CHARLES R. WARREN,**
**aka Charles Ray Warren, Jr., aka Charles Warren, aka "CJ,"**

defendant herein, while aiding and abetting others both known and unknown to the grand jury, did

knowingly enter into a marriage with IFEOMA ADAMOLEKUN, a Nigerian citizen, for the

purpose of evading any provision of the immigration laws of the United States.

In violation of Title 8, United States Code, §1325(c); and Title 18, United States Code, §2.

**COUNT SIX**
**Marriage Fraud**
**8 U.S.C. §1325(c)**

On or about June 14, 2013, and continuing through the Present in the Houston Division of

the Southern District of Texas,

**JUSTICE DANIEL,**

defendant herein, a native and citizen of Nigeria, did knowingly marry LETRISHIA A.

ANDREWS, a United States citizen, for the purpose of evading any provision of the immigration

laws of the United States.

In violation of Title 8, United States Code, §1325(c).

**COUNT SEVEN**
**Marriage Fraud**
**8 U.S.C. §1325(c)**

On or about November 12, 2014, and continuing through the Present in the Houston

Division of the Southern District of Texas,

**IFEOMA J. ADAMOLEKUN,**
**aka Ifeoma Jacklyn Adamolekun, aka Ifeoma Adamolekun,**

10

defendant herein, a native and citizen of Nigeria, did knowingly marry CHARLES R. WARREN,

a United States citizen, for the purpose of evading any provision of the immigration laws of the

United States.

In violation of Title 8, United States Code, §1325(c).

A TRUE BILL:

Original Signature on File

FOREPERSON

KENNETH MAGIDSON
United States Attorney

By: _____
Rick Bennett
Special Assistant United States Attorney

11